UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No.  8:93-cr-304-T-23TGW
    8:13-cv-566-T-23TGW

HENRY FRANCIS
_____/

**O R D E R**

Francis's motion to vacate under 28 U.S.C. § 2255 (Doc. 1) challenges the validity of his conviction for second degree murder and racketeering, for which he serves a life sentence.

Rule 4, Rules Governing Section 2255 Cases, requires both a preliminary review of the motion to vacate and a summary dismissal "[i]f it plainly appears from the face of the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief . . . ." *Accord Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980)[1] (The summary dismissal of a Section 2255 motion was proper "[b]ecause in this case the record, uncontradicted by [defendant], shows that he is not entitled to relief."); *Hart v. United States*, 565 F.2d 360, 361 (5th Cir. 1978)

---

[1] Unless later superseded by Eleventh Circuit precedent, a Fifth Circuit decision issued before October 1, 1981, binds this court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*).

("Rule 4(b) of § 2255 allows the district court to summarily dismiss the motion and notify the movant if 'it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief.'"). The motion to vacate is barred.

Francis's earlier challenge to this same conviction was rejected on the merits. *United States v. Henry Francis*, 8:99-cv-732-T-23TGW. (Doc. 453 in 93-cr-304) Both this court and the circuit court declined issuing a certificate of appealability. (Doc. 458 and 460, respectively) Francis's earlier attempt to file a second or successive motion to vacate was rejected because Francis failed to show that he had the requisite permission. *United States v. Henry Francis*, 8:07-cv-1011-T-23TGW. Francis is still precluded from pursuing another second or successive motion to vacate without permission from the Eleventh Circuit Court of Appeals. "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). *Felker v. Turpin*, 518 U.S. 651, 664 (1996); *Dunn v. Singletary*, 168 F.3d 440, 442 (11th Cir. 1999).

This new case is another second or successive motion to vacate that is subject to the same specific restrictions that precluded his pursuing the earlier second or successive motion to vacate. Francis must convince the circuit court that he qualifies for leave to file a second or successive motion to vacate as Section 2255 requires:

- 2 -

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain —
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme court, that was previously unavailable.

Francis fails to represent that the circuit court has granted him the necessary authorization.

Accordingly, the motion to vacate under 28 U.S.C. § 2255 (Doc. 1) is **DISMISSED** as second or successive without permission from the circuit court. The clerk shall close this case.

### DENIAL OF BOTH A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Francis is not entitled to a certificate of appealability ("COA"). A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a certificate of appealability, Francis must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*,

279 F.3d 926, 935 (11th Cir 2001).  Because the motion to vacate is clearly second or successive, Francis cannot meet *Slack*'s prejudice requirement.  529 U.S. at 484.  Finally, Francis is not entitled to appeal *in forma pauperis* because he is not entitled to a certificate of appealability.

Accordingly, a certificate of appealability is **DENIED**.  Leave to proceed *in forma pauperis* on appeal is **DENIED**.  Francis must pay the full $455 appellate filing fee without installments unless the circuit court allows Francis to proceed *in forma pauperis*.

ORDERED in Tampa, Florida, on March 7, 2013.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE